# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52016/52045/52046

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 4, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BENJAMIN D. MATTESON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Orders revoking probation in Docket Nos. 52045 and 52046, affirmed; judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for driving under the influence in Docket No. 52016, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

This case involves three consolidated appeals. In Docket No. 52045, Benjamin D. Matteson pled guilty to driving under the influence (DUI) (Idaho Code §§ 18-8004, -8005(6)). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Matteson to a unified term of seven years, with a minimum period of confinement of two years, but after a period of retained jurisdiction, suspended the sentence and placed Matteson on probation for five years. Subsequently, in 2021, Matteson admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the

1

original sentence, but after a period of retained jurisdiction, suspended the sentence and placed Matteson on probation for seven years.

In Docket No. 52046, Matteson pled guilty to DUI (Idaho Code §§ 18-8004, -8005(9)). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Matteson to a unified term of ten years, with a minimum period of confinement of three years, but after a period of retained jurisdiction, suspended the sentence and placed Matteson on probation for ten years.[1]

In 2024, Matteson admitted to violating the terms of probation in Docket Nos. 52045 and 52046 by entering an *Alford*[2] plea to DUI (Idaho Code §§ 18-8004, -8005(9)) in Docket No. 52016, and the district court consequently revoked probation and ordered execution of the original sentences in Docket Nos. 52045 and 52046. In exchange for his guilty plea in Docket No. 52016, an additional charge was dismissed. The district court sentenced Matteson to a unified term of ten years, with a minimum period of confinement of five years.[3] Matteson filed an Idaho Criminal Rule 35 motion, which the district court denied.[4] Matteson appeals, arguing that his sentence is excessive in Docket No. 52016. Matteson further appeals, contending that the district court abused its discretion in revoking probation in Docket Nos. 52045 and 52046.

Although Matteson received the sentences he asked for in Docket Nos. 52045 and 52046, he asserts that the district court erred in revoking his probation in each case. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54,

---

[1]     This sentence was ordered to run concurrently to Matteson's sentence in Docket No. 52045.

[2]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[3]     This sentence was ordered to run concurrently with the sentences in Docket Nos. 52045 and 52046.

[4]     On appeal, Matteson does not challenge the district court's denial of his Rule 35 motion for reduction of sentence.

58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Even if we review the merits of Matteson's argument regarding revoking probation in Docket Nos. 52045 and 52046, he fails to establish any error. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could

reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Therefore, because Matteson received the sentences he requested in Docket Nos. 52045 and 52046, he may not complain that the district court abused its discretion and, even if considered on the merits, Matteson has failed to establish error in the revocation of his probation. Also applying the standards and having reviewed the record in Docket No. 52016, we cannot say that the district court abused its discretion. Accordingly, the orders revoking probation and directing execution of Matteson's previously suspended sentences in Docket Nos. 52045 and 52046 and Matteson's judgment of conviction and sentence in Docket No. 52016 are affirmed.